1

HARVEY SISKIND LLP
LAWRENCE J. SISKIND (SBN 85628)

2

siskind@harveysiskind.com
RAFFI V. ZEROUNIAN (SBN 236388)

3

rzerounian@harveysiskind.com
Four Embarcadero Center, 39th Floor

4

San Francisco, CA 94111

5

Telephone:    415.354.0100
Facsimile:    415.391.7124

6

7

Attorneys for Plaintiff,
Channel Enablers USA, LLC

8

9

**IN THE UNITED STATES DISTRICT COURT**

10

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11

**SAN JOSE DIVISION**

12

13

CHANNEL ENABLERS USA, LLC., a
California limited liability company,

)
)
)

Case No.:

14

Plaintiff,

)
)
)

**COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF**

15

v.

)
)

16

EH PUBLISHING, INC., a Texas corporation;

)
)

17

NASBA CAPITAL, INC., a Georgia
corporation; and DOES 1-10,

)
)
)

18

19

Defendants.

)
)

20

)
)
)

21

_____)

22

23

24

25

26

27

28

1          Plaintiff CHANNEL ENABLERS USA, LLC, a California corporation ("Plaintiff") for its

2 complaint against defendant EH PUBLISHING, INC. ("EH Publishing"), a Texas corporation, and

3 NASBA CAPITAL, INC. ("NASBA"), a Georgia corporation, and DOES 1-10 (collectively,

4 "Defendants") alleges as follows:

<strong>Jurisdiction and Venue</strong>

5

6       1.     This is an action for false designation of origin arising under the Lanham Act, 15

7 U.S.C. §§1051 et seq., and for related claims of state and common law trademark infringement and

8 unfair competition.  This Court has jurisdiction over such claims under 15 U.S.C. §1121 (Lanham

9 Act), 28 U.S.C. §1338 (a) & (b) (trademarks and unfair competition), 28 U.S.C. §1331 (federal

10 question), and 28 U.S.C. §1367 (supplemental jurisdiction).  This Court also has subject matter

11 jurisdiction over this action under 28 U.S.C. 1332 (diversity), since the amount in controversy

12 exceeds $75,000 and Plaintiff and Defendants are citizens of different states.

13       2.     Venue is proper in this judicial district under 28 U.S.C. §1391(b) because a substantial

14 part of the events or omissions giving rise to the claims alleged occurred here.

<strong>INTRADISTRICT ASSIGNMENT</strong>

15

16       3.     Assignment of this case to this division is proper under Civil Local Rule 3-2(c).

<strong>Parties</strong>

17

18       4.     Plaintiff is a limited liability company organized and existing under the laws of State

19 of California, with its principal place of business in the United States located in San Jose, California.

20 Plaintiff offers goods and services in California and other states under the trademark CHANNELPRO

21 and close variants ("the CHANNELPRO Marks").  Plaintiff is the subsidiary of Channel Enablers

22 International Pty Ltd, an Australian company with offices throughout the world, including the United

23 Kingdom, China, Singapore, and with partners in Germany and France (Plaintiff and Channel

24 Enablers International Pty Ltd. hereinafter ("Channel Enablers")).

25       5.     Plaintiff is informed and believes, and on that basis alleges, that Defendant EH

26 Publishing is a corporation organized and existing under the laws of the State of Texas, with its

27 principal place of business located in Framingham, Massachusetts.  Plaintiff is further informed and

28 believes, and on that basis alleges, that Defendant EH Publishing is doing business in California and

- 1 -

1  offering its products and services on the Internet and elsewhere using the mark CHANNELPRO.

2      6.    Plaintiff is informed and believes, and on that basis alleges, that Defendant NASBA is

3  a corporation organized and existing under the laws of the State of Georgia, with its principal place of

4  business located in Atlanta, Georgia.  Plaintiff is further informed and believes, and on that basis

5  alleges, that Defendant NASBA is doing business in California and offering its products and services

6  on the Internet and elsewhere using the mark CHANNELPRO.

7      7.    Plaintiff is presently unaware of the true names and capacities of the defendants

8  named as "Does" herein.  Plaintiff is informed and believes and on that basis alleges that each of the

9  Doe defendants is legally liable and responsible directly or indirectly for the matters alleged in the

10  complaint.  Plaintiff will seek leave to amend this complaint to show the true names and capacities of

11  the Doe defendants when they become known.

12      8.    Plaintiff is informed and believes and on that basis alleges that at all times mentioned

13  in this complaint, each of the Defendants, including Does 1 – 10, was the agent or principal or both

14  for one another, was acting within the scope of such agency when engaging in the conduct alleged in

15  this complaint, and is jointly and severally liable for all damages and profits arising from the conduct

16  alleged herein.

17                    **FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS**

18      9.    Plaintiff, a company that offers goods and services to businesses looking to improve

19  their sales and productivity and company profitability by optimizing routes to market, has its

20  principal place of business in the United States in San Jose, California, and has been offering goods

21  and services under the CHANNELPRO Marks since 1999.  Plaintiff is a successful consulting

22  company that provides consulting services, workshops, seminars, and related printed materials that

23  assist companies in optimizing their multi-channel operations and increasing sales productivity.

24  Plaintiff promotes its products and services through its website, www.channelenablers.com, which

25  prominently features the CHANNELPRO Marks, in addition to public workshops, newsletters, email

26  advertising, and webinars.

27      10.    In addition to its popular workshops and seminars, Channel Enablers has completed

28  more than one thousand successful customer and alliance projects in over fifty countries with over

1   one hundred and twenty different customers in the high technology arena. Channel Enablers enjoyed

2   combined annual sales of over three million dollars ($3,000,000) in 2007 and is on-track to achieve

3   sales of over four and a half million dollars ($4,500,000) in 2008. Channel Enablers began

4   operations in the United States in 1999 through the acquisition of the Technology Channels Group

5   and has used the CHANNELPRO Marks since then, establishing substantial goodwill and reputation

6   for its products and services offered under the CHANNELPRO Marks, and causing the public to

7   associate it as the sole and exclusive source of such products and services.

8       11.    Beginning with the establishment of an office in Pleasanton California in 1999,

9   Plaintiff has continuously used the CHANNELPRO Marks, expanding its business throughout

10  California and in other states. Plaintiff today offers its products and services in numerous states

11  across the United States.

12      12.    Channel Enablers has used the CHANNELPRO Marks worldwide, and has invested

13  over five hundred thousand dollars ($500,000) over the course of over eight (8) years in advertising

14  and promoting the CHANNELPRO Marks and the products and services offered under those marks.

15  In the last year alone, Channel Enablers has spent over fifty thousand dollars ($50,000) for such

16  advertisements and promotions. As a result, the public has come to know, rely upon, and recognize

17  Plaintiff's goods and services by the CHANNELPRO Marks, and Plaintiff has established valuable

18  goodwill therein.

19      13.    As a result of Plaintiff's marketing efforts and the success of its business, Plaintiff's

20  CHANNELPRO Marks have acquired distinctiveness amongst the relevant consumers. Consumers

21  recognize and rely upon the CHANNELPRO Marks, when used with products and services relating

22  to methods of improving marketing channels, as an indicator of origin.

23      14.    In addition to broad common law rights in the CHANNELPRO Marks, Plaintiff has

24  filed federal trademark applications for CHANNELPRO in International Class 41 for "Conducting

25  workshops on improving sales productivity and company profitability by optimizing routes to

26  market" (Serial No. 77078971) and in International Class 16 for "Printed training materials for

27  conducting workshops on improving sales productivity and company profitability by optimizing

28  routes to market" (Serial No. 77081476).

COMPLAINT

**DEFENDANTS' UNLAWFUL ACTS**

15.    Plaintiff is informed and believes, and on that basis alleges, that in March of 2007, eight years after Plaintiff began establishing its rights in the CHANNELPRO Marks, Defendants entered into a joint venture and launched a magazine entitled CHANNELPRO THE INSIDER'S GUIDE TO SMB.  Plaintiff is informed and believes, and on that basis alleges, that Defendants' commonly refer to their magazine as CHANNELPRO, and highlight or otherwise emphasize the CHANNELPRO portion of the mark.

16.    Plaintiff is informed and believes, and on that basis alleges, that Defendants' magazine is directed toward information technology channel professionals and resellers—the same target audience as Plaintiff.  One of Defendants' websites, located at www.channelproonline.com, states that CHANNELPRO "is a monthly publication dedicated to channel partners who serve the IT needs of the small and midsize business (SMB) market."  Moreover, Defendants boast that "ChannelPro reaches 35,000 resellers, integrators, system builders, and other IT professionals with authoritative perspectives from vendors, distributors, and industry analysts, as well as news, reviews, and advice that helps them serve their clients and run successful businesses."  In addition to the circulation of their print magazine, Defendants offer goods and services under the CHANNELPRO mark at the Internet domains www.channelproonline.com and www.channelpro-digital.com.  True and correct copies of Defendants' websites offering the goods with Plaintiff's CHANNNELPRO mark are attached hereto as Exhibit A.

17.    Plaintiff is informed and believes, and on that basis alleges, that Defendants have attempted to obtain federal trademark protection for the CHANNELPRO mark, but have been unable to do so.  On or about December 14, 2006, EH Publishing filed a trademark application (Serial No. 76670403) for CHANNELPRO THE INSIDER'S GUIDE TO SMB in International Classes 9 and 16.

18.    Plaintiff is informed and believes, and on that basis alleges, that Defendants are selling and promoting their goods and services throughout California, on the Internet, and elsewhere. Defendants have adopted and used the CHANNELPRO mark for their print and online publications despite Plaintiff's established common law rights in the CHANNELPRO Marks.  Plaintiff is informed and believes, and on that basis alleges, that Defendants adopted and have used the mark

- 4 -

1  CHANNELPRO with full knowledge of Plaintiff's business and Plaintiff's use of the

2  CHANNELPRO Marks and with the intention that consumers would be confused into believing that

3  Defendants' products were sponsored, associated or affiliated in some way with Plaintiff.

4       19.    In using the CHANNELPRO mark in connection with its offering of products and

5  services related to those offered by Plaintiff, Defendants are attempting to reap the benefits of

6  Plaintiff's continuous use of the CHANNELPRO Marks for its consulting business and related

7  products and services in California since 1999.

8       20.    Plaintiff's consulting services and related products and services and Defendants' print

9  and online publications and related products and services are related because both target businesses

10  that seek to increase productivity and profitability in marketing channels, and particularly through the

11  use of information technology. Because Plaintiff's and Defendants' products and services are related,

12  it is natural for consumers to assume that said products and services are associated or affiliated. Such

13  a result significantly harms Plaintiff and undermines Plaintiff's substantial efforts to establish its

14  identity in the highly competitive field of products and services related to improving multi-channel

15  operations and increasing sales productivity for businesses.

16       21.    Plaintiff has no control over the nature and quality of Defendants' products or

17  services. Any failure, neglect, default or other negative association arising due to Defendants'

18  promotion and sales of its products will reflect negatively on Plaintiff's reputation and goodwill.

19       22.    On or about January 12, 2007, Plaintiff, through its outside counsel, notified

20  Defendants of its rights in the CHANNELPRO Marks. The parties commenced settlement

21  discussions, and reached an agreement. Based on Defendants' assurances that the parties had reached

22  an agreement, Plaintiff refrained from pursuing its legal remedies. Defendants, however, have failed

23  to follow through on their promises. Accordingly, on or about January 29, 2008, Plaintiff, through its

24  outside counsel, again reiterated to Defendants Plaintiff's trademark rights and demanded that

25  Defendants voluntarily cease all use of the CHANNELPRO mark. Plaintiff's counsel sent

26  Defendants a reminder letter on or about February 27, 2008. Nevertheless, Defendants have

27  continued to ignore Plaintiff.

28       23.    Therefore, despite Plaintiff's repeated requests, Defendants, with actual notice of the

- 5 -

1  infringement, willfully and blatantly continue to advertise and market their products using the

2  CHANNELPRO mark.  Said acts of infringement have caused and will cause further irreparable

3  injury to Plaintiff if Defendants are not restrained by this Court from further violation of Plaintiff's

4  rights.  Plaintiff has no adequate remedy at law.

**FIRST CLAIM FOR RELIEF**
**False Designation of Origin**
**(15 U.S.C. §1125)**

7      24.    Plaintiff realleges and reincorporates by reference each and every allegation contained

8  in paragraphs 1 through 23 as though fully set forth herein.

9      25.    The CHANNELPRO Marks for consulting services and products and services related

10  to optimizing multi-channel operations and increasing sales productivity for businesses have become

11  uniquely associated with, and hence identify Plaintiff.  Defendants' use of the CHANNELPRO mark

12  is a false designation of origin, or a false representation, that wrongfully and falsely suggests that

13  Defendants' products and services originate from, or are connected with, Plaintiff, and constitutes a

14  false description or representation in interstate commerce.  Defendants' use is likely to deceive

15  consumers into believing that Defendants' products and services are those of, or associated with

16  Plaintiff, and as a consequence, Defendants' use causes confusion that harms Plaintiff.

17      26.    Defendants' actions as described above and their use of the CHANNELPRO mark to

18  promote their products and services to the same audience as that for Plaintiff's products and services

19  constitute false designations of origin and unfair competition in violation of Section 43 of the

20  Lanham Act, 15 U.S.C. §1125.  Defendants' adoption and use of the CHANNELPRO mark has

21  caused, and continues to cause, irreparable injury to the value and goodwill of Plaintiff's business and

22  reputation.  Defendants' actions, if not enjoined, will continue, including the offering, and sale of

23  their products and services through the same channels of trade used by Plaintiff and to the same

24  consumers targeted by Plaintiff.  Plaintiff has no adequate remedy at law in that the amount of its

25  damages is difficult to ascertain with certainty.

26      27.    Plaintiff is informed and believes, and on that basis alleges, that Defendants' actions

27  as described above are deliberate, willful, fraudulent and without any extenuating circumstances, and

28

- 6 -

1  constitute a knowing violation of Plaintiff's rights.  Plaintiff is entitled to recover its attorneys' fees

2  and costs incurred in this action under Section 35 of the Lanham Act, 15 U.S.C. § 1117.

### SECOND CAUSE OF ACTION
### INFRINGEMENT UNDER CALIFORNIA LAW
### (CAL. BUS. & PROF. CODE § 14245)

5          28.      Plaintiff realleges and incorporates herein by reference the matters alleged in

6  Paragraphs 1 through 27 of this Complaint.

7          29.      Defendants' unauthorized use of the CHANNELPRO mark in connection with the

8  sale, offering for sale, distribution or advertising of its products and services is likely to cause

9  confusion or mistake or to deceive as to the source or origin of its goods and/or services in violation

10  of California Business and Professions Code § 14245.

11         30.      Upon information and belief, Defendants' infringement has been with knowledge of

12  Plaintiff's rights.

13         31.      Plaintiff has been, is now, and will be irreparably injured and damaged by Defendants'

14  aforementioned acts, and unless enjoined by the Court, Plaintiff will suffer further harm to its name,

15  reputation and goodwill.  This harm constitutes an injury for which Plaintiff has no adequate remedy

16  at law.

### THIRD CAUSE OF ACTION
### COMMON LAW PASSING OFF
### AND UNFAIR COMPETITION

20         32.      Plaintiff realleges and incorporates herein by reference the matters alleged in

21  paragraphs 1 through 31 of this Complaint.

22         33.      Defendants' unauthorized use of the CHANNELPRO mark constitutes passing off and

23  unfair competition of the CHANNELPRO mark in violation of the common law of California.

24         34.      Defendants' wrongful acts have caused and will continue to cause Plaintiff irreparable

25  harm.  Plaintiff has no adequate remedy at law.

26         35.      Plaintiff is entitled to a judgment enjoining and restraining Defendants from engaging

27  in further acts of infringement and unfair competition.

28

- 7 -

**FOURTH CAUSE OF ACTION**
**UNFAIR COMPETITION**
**(CAL. BUS & PROF. CODE § 17200)**

36.     Plaintiff realleges and incorporates herein by reference the matters alleged in Paragraphs 1 through 35 of this Complaint.

37.     Defendants' acts described above constitute unfair competition in violation of California Business and Professional Code § 17200 et seq., as they are likely to deceive the public.

38.     Defendants' acts of unfair competition have caused and will continue to cause Plaintiff irreparable harm.  Plaintiff has no adequate remedy at law for Defendants' unfair competition.

39.     Plaintiff is entitled to a judgment enjoining and restraining Defendants from engaging in further unfair competition.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests:

1.     That Defendants, their officers, agents, servants, employees, and attorneys, and all those persons in active concert or participation with them be forthwith preliminarily and thereafter permanently enjoined and restrained from:

    (a) Using the CHANNELPRO mark or any confusingly similar designations alone or in combination with other words, as a service mark, trade name component or otherwise to market, advertise or identify Defendants' products or services, or anything substantially similar thereto;

    (b) Otherwise infringing Plaintiff's trademarks;

    (c) Unfairly competing with Plaintiff in any manner whatsoever; and

    (d) Causing likelihood of confusion or injury to the business reputation of Plaintiff's symbols, labels, or forms of advertisement.

2.     That Defendants be directed to file with this Court and serve on Plaintiff within ten (10) days after the service of the injunction herein, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied therewith;

3.     That Defendants be required to deliver up and destroy all literature, advertising and

- 8 -

1   other material bearing the infringing designations;

2       4.      That Defendants account for and disgorge to Plaintiff all of the profits realized by

3   Defendants, or others acting in concert or participating with Defendants, resulting from Defendants'

4   acts of false designation of origin, trademark infringement, and unfair competition all relating to

5   Defendants' use of the infringing designations;

6       5.      That Plaintiff recover from Defendants compensatory and punitive damages suffered

7   plus interest, in an amount to be determined;

8       6.      That Plaintiff recover from Defendants their reasonable attorneys' fees and costs in

9   this suit;

10      7.      That Plaintiff be awarded three times Defendants' profits from its use of the infringing

11  designations, or three times Plaintiff's damages, whichever is greater, pursuant to 15 U.S.C. §

12  1117(a) and (b);

13      8.      That Plaintiff be awarded past and future corrective advertising costs;

14      9.      That Plaintiff recover from Defendants its reasonable attorneys' fees and costs in this

15  suit; and

16      10.     That Plaintiff has such other and further relief as the Court may deem just.

17

18  Dated: May 14, 2008                 HARVEY SISKIND LLP
                                        LAWRENCE J. SISKIND
19                                      RAFFI V. ZEROUNIAN

20

21                                  By: _____

22

23                                      Attorneys for Plaintiff
                                        CHANNEL ENABLERS USA, LLC
24

25

26

27

28

- 9 -

# EXHIBIT A

# An easier way to pick up revenue

Made possible by Zenith Infotech.

Managed services solutions from Zenith Infotech are a profitability magnet that bolsters your bottom line without increasing your staff or putting additional demands on your existing resources.

For roughly one-fifth the cost of ... skilled technicians to remotely mo... customers' IT systems, our team of more than 300 network engineers and level-2 support staff can:

- Analyze and research event IDs
- Troubleshoot failed processes and services
- Manage servers and ensure security patches and anti-virus definitions remain up to date
- Watch and escalate alerts on a 24x7 basis
- Review backups
- Install patches and implement service packs

And if that's not enough of an attraction, our comprehensive suite of tools and services deliver a powerful infrastructure solution that enables you to spend less time on day-to-day operations, more time on business-building activities that drive profitability and attain scalability without spending thousands of dollars and staff hours. Talk about having some pull around the office. So now will you spend the increased profits made possible by Zenith Infotech?

## Channel
### THE INSIDER'S GUIDE TO SMB

HIRING YOUR FIRST SALESPERSON
Success hinges on advance planning, says Center for Corporate Resources President Curt Hicks (pictured)

MANAGED SECURITY
IT'S AN EASY SELL    Page 36

7 KEYS TO SMART BUSINESS GROWTH



§ JS 44  (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

CHANNEL ENABLERS USA, LLC

## DEFENDANTS

EH PUBLISHING, INC., NASBA CAPITAL, INC, and DOES 1-10

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

HARVEY SISKIND LLP
Four Embarcadero Center, 39th Floor
San Francisco, CA  94111
(415) 354-0100

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [X] 3  Federal Question (U.S. Government Not a Party)
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Med. Malpractice | [ ] 625 Drug Related Seizure | 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | Liability | [ ] 365 Personal Injury — | of Property 21 USC 881 | | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| & Enforcement of Judgment | Slander | [ ] 368 Asbestos Personal | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Injury Product | [ ] 650 Airline Regs. | [ ] 830 Patent | Corrupt Organizations |
| [ ] 152 Recovery of Defaulted | Liability | Liability | [ ] 660 Occupational | [X] 840 Trademark | [ ] 480 Consumer Credit |
| Student Loans | [ ] 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | [ ] 490 Cable/Sat TV |
| (Excl. Veterans) | [ ] 345 Marine Product | [ ] 370 Other Fraud | [ ] 690 Other | | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment | Liability | [ ] 371 Truth in Lending | | | [ ] 850 Securities/Commodities/ |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | Property Damage | [ ] 710 Fair Labor Standards | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge |
| [ ] 190 Other Contract | Product Liability | [ ] 385 Property Damage | Act | [ ] 862 Black Lung (923) | 12 USC 3410 |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate | [ ] 740 Railway Labor Act | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | Sentence | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. | [ ] 870 Taxes (U.S. Plaintiff | [ ] 895 Freedom of Information |
| [ ] 240 Torts to Land | Accommodations | [ ] 530 General | Security Act | or Defendant) | Act |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party | [ ] 900Appeal of Fee |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities – | [ ] 540 Mandamus & Other | **IMMIGRATION** | 26 USC 7609 | Determination |
| | Employment | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | Under Equal Access |
| | [ ] 446 Amer. w/Disabilities – | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – | | to Justice |
| | Other | | Alien Detainee | | [ ] 950 Constitutionality of |
| | [ ] 440 Other Civil Rights | | [ ] 465 Other Immigration Actions | | State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1114; 15 U.S.C. §1125(a)

Brief description of cause:
False Designation of Origin; Trademark Infringement

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

[X] SAN FRANCISCO/OAKLAND   [ ] SAN JOSE

DATE  5/14/2008

SIGNATURE OF ATTORNEY OF RECORD